## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

AUDREY G. MORRISON,

                Plaintiff,

v.                                                  CIVIL ACTION NO.  2:09-cv-01029

MICHAEL J. ASTRUE
Commissioner of Social Security,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Audrey Morrison's Complaint seeking review of the decision of the Commissioner of Social Security [Docket 2].  By Standing Order entered August 1, 2006, and filed in this case on September 25, 2009, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Stanley filed a PF&R [Docket 19] on October 7, 2010, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on October 25, 2010, and were filed that same day.

Plaintiff's first objection is directed towards the *Commissioner*, not the *Magistrate Judge*. Plaintiff argues that "[t]he Commissioner erred in stating that a consultative psychological examination was not necessary in this case." (Docket 20 at 1.) Plaintiff's only acknowledgment of the PF&R in this objection is a citation to the section of the PF&R that quotes the Commissioner as presenting this argument. (Docket 19 at 8.) In this objection, Plaintiff wholly fails to assign any error to the proposed findings of the magistrate judge. *Orpiano*, 687 F.2d at 47. Instead, she assigns error to an argument made by the Commissioner in its Brief in Support of Judgment on the Pleadings. (Docket 16.) This is precisely the type of vague and conclusory objection that does not merit review by this Court. The Court **FINDS** that Plaintiff's first objection is general and conclusory and that *de novo* review of the issues raised is not warranted.

Plaintiff's second objection suffers from much of the same deficiency; drawing from the second argument contained in the Commissioner's Brief for Judgment on the Pleadings, Plaintiff argues that "[t]he Commissioner erred in stating the ALJ correctly found that Claimant's TMJ disorder, Bright's disease and hypertension are not severe impairments." (Docket 20 at 1.) In the text of this objection, however, Plaintiff at least cites to portions of the PF&R reflecting the findings of Magistrate Judge Stanley, and thus the Court will conduct a *de novo* review.

The basic premise of Plaintiff's argument is that the ALJ's classification of her impairments as "non-severe" was not supported by substantial evidence. In support, Plaintiff notes that she

-2-

testified at the administrative hearing that she had quit school after the sixth grade due to her Bright's disease and had also stated that "this Bright's disease causes me so much problems that I can't work." (Docket 20 at 2.) Plaintiff also points to a document filled out by Physician's Assistant Cherri Hatfield on June 20, 2007, that Plaintiff was not able to preform full-time work "until [her] kidney disease is evaluated." (Docket 14-8 at 4.) What Plaintiff fails to mention, however, is that she *was* subsequently evaluated by Dr. Rogelio Lim, M.D., on July 19, 2007, and that he found that her "allegations were not credible and her objective findings were unremarkable." (Docket 14-2 at 19.) Further, Judith Brendemuehl, M.D., testified at the administrate hearing as a medical expert that nothing in Plaintiff's record pointed to any severe physical limitations. (Docket 19 at 14); (Docket 12-2 at 20.) As noted by Magistrate Judge Stanley, the ALJ carefully and competently considered the medical evidence of record as well as Plaintiff's subjective complaints in making his disability determination. (Docket 19 at 13-15.) As such, the Court **OVERRULES** Plaintiff's second objection and **FINDS** that there is substantial evidence to support the Commissioner's finding that Plaintiff's TMJ disorder, Bright's disease, and hypertension are not severe impairments.

Accordingly, the Court **ADOPTS** the PF&R [Docket 19], **DISMISSES** Plaintiff's Complaint [Docket 2], and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

    **IT IS SO ORDERED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:     March 29, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE